UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KEITH HUGHES,

                    Plaintiff,              11 Civ. 5634 (JGK)

        - against -                         MEMORANDUM OPINION AND
                                            ORDER
DIRECTOR FRANCIS J. HERMAN, PAROLE
OFFICER CRICHLOW,

                    Defendants.
_____

JOHN G. KOELTL, District Judge:

        The plaintiff, Keith Hughes, proceeding pro se, has filed
an application for the Court to request pro bono counsel.  The
Court of Appeals for the Second Circuit has articulated factors
that should guide the Court's discretion to appoint counsel to
represent an indigent civil litigant under 28 U.S.C. § 1915.
See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).
For the Court to order the appointment of counsel, the
petitioner must, as a threshold matter, demonstrate that his
claim has substance or a likelihood of success on the merits.
See Hodge, 802 F.2d at 60-61.  If the plaintiff satisfies these
requirements, the Court must next consider other factors
appropriate to determination of whether counsel should be
appointed: "plaintiff's ability to obtain representation
independently, and his ability to handle the case without
assistance in the light of the required factual investigation,
the complexity of the legal issues, and the need for expertly

conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).

The plaintiff filed a request to proceed in forma pauperis when he filed this action.  When he filed his application for the Court to request counsel, he affirmed that his financial status had not changed.  Based on the plaintiff's applications, the Court finds that he qualifies as indigent under Hodge.

The plaintiff has made sufficient allegations that his claim has substance or a likelihood of success on the merits to warrant granting the plaintiff's application.  Moreover, the other relevant factors also weigh in favor of granting the plaintiff's application.  The plaintiff lacks ready access to facilities that would enable him to conduct factual investigation and is ill-equipped to handle the complex legal issues presented by the case without the assistance of counsel.

The plaintiff's application for the Court to request counsel is therefore **granted.**  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff.  Nevertheless, this litigation will progress at a normal pace.


SO ORDERED.

Dated:   New York, New York
         February 7, 2012

                                    _____
                                         John G. Koeltl
                                    United States District Judge

2